UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY HOLLAND, | : CIVIL ACTION NO. 3:CV-11-2261 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| WARDEN HOLT, | : |
| Respondent | : |

FILED
SCRANTON
JUL 1 1 2013
PER _____ DEPUTY CLERK

**MEMORANDUM**

Presently before the Court is a petition for writ of corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner, Jeffrey Holland ("Holland"), an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania. For the following reasons, petition will be denied.

**I.    Background**

On June 6, 2001, Holland, and numerous other defendants, were indicted in the United States District Court for the Middle District of Pennsylvania of various counts of drug and firearm violations. See United States v. Anderson, Criminal Docket No. 1:01-cr-00195. The counts against Holland have been summarized by the United States Court of Appeals for the Third Circuit as follows:

> [O]n October 15, 2002...a jury verdict convict[ed]...Holland... on three of the four counts of the second superseding indictment in this case. In particular, the three counts on which the jury convicted him were as follows: Count I, intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base...and aiding and abetting counseling, commanding, inducing, and procuring the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count II, intentionally and knowingly using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and Count V, conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base...in violation of 18 U.S.C. § 846. In addition, he was charged in Count IV with causing the death of

> Jason Harrington through the use of a firearm used during and in relation to drug trafficking and a drug trafficking conspiracy in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2. The jury, however, deadlocked on that count and the court late dismissed it.

See United States v. Holland, 75 Fed. Appx. 878, 2003 WL 22183555, *1 (3d Cir. 2003).

Holland's § 924(c) conviction arose from a witness statement that in 1999 Holland had traded a silver handgun for crack cocaine and cash. See (Doc. 12-2, Ex. B, Excerpt from Pre-sentence Report at ¶ 26). The witness also testified that Holland test fired the gun, after which, the witness was given eighty dollars worth of crack cocaine and one hundred dollars in cash. Id. Following the jury's conviction, Holland was sentenced to two consecutive life sentences plus a 60 month term of imprisonment for the § 924(c) conviction. Holland, 2003 WL 22183555, *1.

On October 21, 2002, Holland filed a direct appeal to the United States Court of Appeals for the Third Circuit. Id. Specifically, Holland argued that the evidence was not sufficient to "prove beyond a reasonable doubt the offense of Conspiracy to Distribute 50 grams or more of crack cocaine" and that the Court erred in giving supplemental instructions to the jury that were misleading and inaccurate. See Holland, 2003 WL 22183555, *1. Holland contended he was entitled to a new trial on the conspiracy and distribution counts due to the supplemental jury instructions. Id. Upon review, the appellate court affirmed the judgment of the district court. Id. at * 4.

On December 23, 2003, Holland filed a petition for writ of certiorari to the United States Supreme Court, which was denied on March 3, 2004. See Holland v. United States, 540 U.S. 1205 (2004).

On February 2, 2005, Holland filed a motion to vacate under 28 U.S.C.§ 2255, which was denied on May 24, 2005. See Holland v. United States, 2005 WL 1229733 (M.D. Pa. May 24,

2005). On October 6, 2005, the Third Circuit Court of Appeals denied Holland's request for a certificate of appealability.

On January 19, 2007, Holland filed a pro se document entitled "Hold Motion in Abeyance", which the district court treated as an attempt to file a motion litigating a challenge to his sentence under Blakely v. Washington, 542 U.S. 296 (2004). See Holland v. United States, No. 1:01-cr-00195 (M.D. Pa. Jan. 5, 2007) (Caldwell, J.). On February 5, 2007, the motion was denied and Holland was advised that the claim had to be brought in a § 2255 motion for which permission was required from the Third Circuit Court of Appeals. Id.

On November 23, 2007, Holland filed a "Motion for Equitable Relief" pursuant to Federal Rule of Civil Procedure 60(b)(6) and Article III of the Constitution. See Holland v. United States, No. 1:01-cr-00195 (M.D. Pa. Dec. 4, 2007) (Caldwell, J.). The Court determined that district courts do not have inherent equitable power under the Constitution to revise judgments at will. Id. The Court further found that Holland's claims, attacking the validity of his conviction, were more appropriately raised in a § 2255 motion, which the district court lacked jurisdiction to consider, without the Third Circuit's approval. Id. Therefore, the Court dismissed his motion. Id.

On February 20, 2009, Holland filed Holland v. Holt, Civil No. 4:CV-09-0329, in this Court, challenging his conviction pursuant to 28 U.S.C. § 2241. Specifically, he challenged his firearm conviction under 18 U.S.C. § 924(c)(1), pursuant to the United States Supreme Court's mandate in Watson v. United States, 552 U.S. 74 (2007), which Holland claimed determined that the conduct he was convicted of was now non-criminal conduct. Id.

By Order dated July 20, 2009, the petition was dismissed for lack of jurisdiction. Id. Specifically, this Court found the following:

> To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.
>
> It is the petitioner's burden to prove that § 2255 would be an adequate or ineffective remedy. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Holland has not met this burden. Moreover, Holland does not state that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Holland would be granted permission by the Third Circuit to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Holland's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right petitioner may have to seek leave to file a second or successive §§ 2255 motion.

Holland, Civil No. 4:CV-09-0329, Order of July 20, 2009 at pp. 8-9.

On March 17, 2010, Holland filed a motion for reconsideration, which was denied as untimely by Order dated April 14, 2010. Id.

On May 10, 2010, Holland filed a Notice of Appeal, challenging this Court's April 14, 2010 Order denying his motion for reconsideration as untimely. Id.

By Order dated December 9, 2010, the United States Court of Appeals for the Third Circuit affirmed this Court's April 14, 2010 Order. Holland v. Holt, 210 WL 5018169 (3d Cir. 2010).

On February 8, 2011, Holland filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Holland v. Holt, Civil No. 4:CV-11-0269 (M.D. Pa.). The petition once again challenged Holland's firearm conviction under 18 U.S.C. § 924(c)(1), pursuant to the United States Supreme Court's mandate in Watson v. United States, 552 U.S. 74 (2007).

By Memorandum and Order dated April 29, 2011, the petition was dismissed as a successive petition pursuant to 28 U.S.C. § 2244 (a) and Rule 9(b) of the Rules Governing Section 2254 Cases

in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof. Id.

On May 10, 2011, Holland filed a Notice of Appeal challenging this Court's April 29, 2011 Memorandum and Order dismissing his petition. Id.

By Order dated March 6, 2012, the United States Court of Appeals for the Third Circuit affirmed this Court's April 29, 2011 Memorandum and Order. Holland v. Holt, No. 11-2271 (3d Cir. 2003).

On December 7, 2011, Holland filed the instant petition for writ of habeas corpus, his third petition. (Doc. 1, petition). Petitioner requests that his conviction and life sentence imposed in 2002 be vacated based upon the enactment of the Fair Sentencing Act ("FSA"). Specifically, Petitioner states that "pursuant to the Fair Sentencing Act of 2010, Petitioner's mandatory life sentence is not a sentence authorized by § 841(b)(1)(B), and a conviction under that section cannot be obtained based on a charge of 50 grams of cocaine base", and "for these reasons, Petitioner's current conviction and sentence are unlawful and contrary to applicable law." Id.

## II. Discussion

Holland argues that the Fair Sentencing Act ("FSA") amendments to drug quantities that trigger the application of statutory mandatory minimum sentences for cocaine base should be applied to him regardless of the fact that his conviction and sentence pre-date the August 3, 2010 enactment of the FSA by at least eight years. He claims that the change in the threshold amounts for crack cocaine mandatory minimums somehow amounts to a change in the elements of the offense of the crime of drug distribution, and that by passage of the FSA, he is actually innocent of the crimes of drug distribution and conspiracy. (Doc. 1, petition). However, under controlling circuit precedent,

the ten-year mandatory minimum sentence that was in effect at the time Holland committed the offense and when he was sentenced applies despite the enactment of the FSA.

In United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit held that under the Savings Statute, 1 U.S.C. § 109, the mandatory minimum for cocaine base in place at the time the crime was committed must apply despite the enactment of the FSA. As the Court of Appeals stated in reaching that conclusion, the FSA does not contain an express statement either that the change in drug quantities triggering mandatory minimum sentences is to be applied to crimes committed before the FSA's effective date or that those sentenced before the effective date are to be re-sentenced. Id. Holland does not dispute that the ten-year mandatory minimum for cocaine base was in effect at both the time when he committed the crime and when he was initially sentenced in this case.

Subsequent to Reevey, the Third Circuit Court of Appeals found in United States v. Dixon, 648 F.3d 195 (3d Cir. 2011), that the Fair Sentencing Act ("FSA") applies to defendants who committed their crimes before August 3, 2010, when the FSA became law, but were sentenced afterwards. Holland, however, committed his crime and was sentenced to the ten-year mandatory minimum sentence almost a decade prior to the enactment of the FSA. Significantly, the Court of Appeals in Dixon specifically distinguished its holding in Reevey where, like Holland, the defendants committed their crimes and were sentenced before the FSA was enacted. Id. at n.3. In Dixon, the Court of Appeals emphasized that the post-enactment application of a law always depends on "to whom" a new law applies. The Dixon decision affirmed the conclusion in Reevey that the FSA does not apply to the group comprised of defendants who both committed their crimes and were sentenced before the FSA was enacted, a holding consistent with every Court of Appeals to

consider that category of defendants. Id. Holland plainly falls within this class of defendants. As such, Holland's petition for writ of habeas corpus will be denied.

A separate Order will be issued.

Dated: July 10, 2013

_____
**United States District Judge**